**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**(HOUSTON DIVISION)**

| | | |
|---|---|---|
| **DANCE HOUSTON,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **LOVE DANCE HOUSTON, LLC** | § | |
| **a/k/a LOVE DANCE HTX,** | § | |
|     **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THIS HONORABLE COURT**:

COMES NOW **DANCE HOUSTON** (hereinafter referred to as "Plaintiff" or "DH"), complaining of **LOVE DANCE HOUSTON, LLC a/k/a LOVE DANCE HTX** (hereinafter referred to as "Defendant" or "Love Dance"). This Complaint is filed through Plaintiff's attorney, alleging on knowledge as to Plaintiff's own acts and otherwise on information and belief, respectfully showing the following:

**I.**

**NATURE OF THE ACTION**

1.      This is an action for infringement of a federally registered service mark (colloquially referenced as "trademark infringement"), common-law service mark rights, unfair competition, and deceptive acts and practices in violation of the laws of the United States and the State of Texas.  Plaintiff seeks a preliminary injunction, permanent injunction, and an award of profits, damages, and related relief to the fullest extent permitted by law.

1

## II.

## PARTIES

2.      Plaintiff, **DANCE HOUSTON**, is a Texas non-profit entity with its principal place of business at 2450 Louisiana, Suite 400, Houston, TX 77006.  Plaintiff has been based in the City of Houston, Harris County, Texas, before, during, and after the accrual of the causes of action addressed herein.

3.      Defendant **LOVE DANCE HOUSTON, LLC a/k/a LOVE DANCE HTX** is a Texas limited liability company, and may be served with process by serving any one of the following individuals: (1) **attorney Charles Zavala** at 2950 North Loop West, Suite 500, Houston, Texas 77092, or wherever he may be found; (2) **registered agent Lisa Rae Joubert** at 4333 Balkin Street, Houston, Texas 77021, or wherever she may be found; or (3) **co-owner Lisa Joubert** at her place of business, 2206 Edwards Street, Unit B, Houston, Texas 77007, or wherever she may be found.

## III.

## JURISDICTION
## (Federal Question & Supplemental)

4.      Plaintiff's claims are generally predicated upon a "federal question," i.e., the rights and remedies afforded through the federal law established by the Lanham Trademark Act of 1946 (which is currently codified at 15 U.S.C. § 1051, *et seq.*), along with related claims under federal common law, Texas statutory law, and Texas common law.  Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, along with supplemental jurisdiction over Plaintiff's state and common-law claims pursuant to the provisions of 28 U.S.C. § 1367(a).

5.     This Court has personal jurisdiction over Defendant because: (1) Defendant has committed, and continues to commit, acts of service mark infringement in the Southern District of Texas; (2) Defendant has intentionally and purposefully directed infringing conduct at Plaintiff in the State of Texas, which caused and continues to cause Plaintiff harm in the State of Texas; and (3) Defendant has generally conducted business in the State of Texas.

## IV.

## VENUE

6.     Venue is proper in the Houston Division of the Southern District of Texas under at least 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiff's claims (including acts of infringement) occurred within the geographic area circumscribed for the Houston Division of the Southern District of Texas. Additionally, Defendant has principal offices within the geographic area circumscribed for the Houston Division of the Southern District of Texas and is therefore subject to personal jurisdiction in this district.

## V.

## FACTS

7.     Plaintiff Dance Houston has been operating out of Houston, Texas since approximately 2003.  Throughout more than a decade-and-a-half, Plaintiff has built a strong reputation for the name "Dance Houston" by presenting, sponsoring, and/or hosting many dance-related events for all ages, as well as cultivating relationships throughout the greater Houston community.

8.     Plaintiff is currently the exclusive owner of a federally registered service mark for the phrase "Dance Houston" as approved by the United States Patent and Trademark Office on October 15, 2019 as Registration Number 5,882,880.  *See* Exhibit "A" to this Complaint.

9.     The federally registered service mark was obtained to buttress rights that were already held through a previous 10-year "Certificate of Trademark or Service Mark Registration" from the Texas Secretary of State for "Dance Houston" (registered on February 8, 2010).  *See* Exhibit "B" to this Complaint.

10.     Even before that time, beginning in approximately 2005 and continuously since then, Dance Houston has used a distinctive logo using sans-serif lettering, with a bold "DANCE," immediately followed (without a space) by an unbolded "HOUSTON," similar to the following:

## **DANCE**HOUSTON

11.     Unknown to Plaintiff and without Plaintiff's permission, Defendant incorporated an entity by the name of "Love Dance Houston, LLC."  It is unclear to Plaintiff when Defendant first began conducting for-profit, dance-related activities with the name "Love Dance Houston."

12.     After becoming actually aware of dance-related activities being conducted by Defendant using the name "Love Dance Houston," Plaintiff has made multiple requests (both informally and formally) to Defendant to cease and desist using that name, given that not only was such incorporation of the phrase "Dance Houston" misleading, but entirely unacceptable and not approved by Plaintiff in any way.

13.     Despite multiple clear requests by Plaintiff for Defendant not to use "Love Dance Houston" for any purpose – especially including the public marketing of Defendant's business

and generating profits – Defendant intentionally made the situation worse by, among other things:

(a)  Operating a website with the domain www.LoveDanceHouston.com

(b)  Using an e-mail address of LoveDanceHouston@gmail.com (*see* Exhibit "C" to this Complaint)

(c)  Creating an internet presence (including social media and possible search engine optimization) using "Love Dance Houston"

(d)  Using a logo design of LOVE**DANCE**HOUSTON (*vs.* **DANCE**HOUSTON)

(e)  Creating a YouTube video with that same extremely deceptive logo on T-shirts at https://www.youtube.com/watch?v=az75oWwArao   (*see* Exhibit "D" to this Complaint, comparing Defendant's counterfeit logo with Plaintiff's original logo)

(f)  Posting a bright neon sign of "LOVE DANCE HOUSTON" prominently within Defendant's business space and featuring the sign in promotional use (*see* Exhibit "E" to this Complaint)

(g)  Participating in a recent media interview (with a publication date of December 2, 2020) in which the phrase "Love Dance Houston" was mentioned multiple times (*see* Exhibit "F" to this Complaint)

14.    Plaintiff has attempted an amicable resolution and, within the months immediately preceding this filing, Defendant finally conceded and acknowledged the inherently deceptive nature of "Love Dance Houston" by apparently obtaining a "d/b/a" or assumed name to operate as "Love Dance HTX" and changing its primary website domain to "LoveDanceHTX.com."  However, Defendant has refused to change its deceptive e-mail address (Exhibit "C" is current as of Dec. 8, 2020), delete the deceptive YouTube video (Exhibit "D" is current as of Dec. 8, 2020), and/or modify the prominent-yet-misleading neon sign (Exhibit "E" is current as of Dec. 8, 2020), while at the same time continuing to allow itself to be currently referenced to the public as "Love Dance Houston" in at least one media interview (Exhibit "F" is

current as of Dec. 8, 2020).  Moreover, Defendant has refused to clean up other such references to the infringing "Love Dance Houston" within Defendant's still-visible online history.

15.     Such misleading affirmative acts and continuing confusion must be eliminated – and Plaintiff's clear legal rights must be enforced by a court of law – given that Defendant has shown petty, intentional defiance to the most simple and reasonable requests to build Defendant's own reputation without unlawfully profiting from reputation and goodwill created by Plaintiff Dance Houston.

16.     Plaintiff now brings this lawsuit to finally put a stop to Defendant's unlawful infringement on Plaintiff's service marks by this Court's imposition of injunctive relief, monetary damages, and all other relief to which Plaintiff is entitled under law.

## VI.

## <u>VERIFICATION OF EXHIBITS</u>

17.     By signing this pleading below, counsel for Plaintiff is hereby verifying that all exhibits attached to this Complaint are true and correct copies of the original documents and/or internet screenshots that appear online to the general public.

## VII.

## <u>CAUSES OF ACTION</u>

### *First Claim for Relief*
**Infringement of Federally Registered Service Mark by**
**False Designation of Origin, False Advertising, and Unfair Competition**

18.     The factual allegations, exhibits, and legal citations set forth in the preceding paragraphs are incorporated herein by reference for all purposes as if set forth in full within this paragraph.

19.     Plaintiff is the sole and exclusive owner of the federally registered service mark for "Dance Houston."  Defendant's unauthorized use and continued use of Plaintiff's protected service mark in conjunction with providing and advertising substantially similar services is an infringement of Plaintiff's exclusive rights and is likely to create confusion, cause mistake, and/or to deceive as to the origin, sponsorship, or Plaintiff's approval of Defendant's services in violation of 15 U.S.C. § 1125(a).  As a result, Plaintiff has been substantially damaged in an amount to be determined at trial.

20.     Defendant's activities described within this Complaint are in bad faith and with the intent to trade upon the goodwill and reputation established by Plaintiff, to create confusion in the public mind, and to misappropriate Plaintiff's rights in said goodwill and reputation, all to the irreparable injury of Plaintiff while also resulting in profits to Defendant.  Thus, pursuant to 15 U.S.C. § 1117 (including but not limited to use of a "counterfeit mark"), Defendant's actions as set forth above permit Plaintiff to recover Defendant's profits, Plaintiff's damages, court costs, treble damages, and Plaintiff's attorney's fees.

21.     Defendant's activities described within this Complaint have caused and, unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.  Accordingly, injunctive relief in favor of Plaintiff and against Defendant is appropriate in the form of a temporary restraining order, preliminary injunction, and/or permanent injunction.

### *Second Claim for Relief*
### Violation of Common-Law Service Mark Rights & Protections

22.     The factual allegations, exhibits, and legal citations set forth in the preceding paragraphs are incorporated herein by reference for all purposes as if set forth in full within this paragraph.

23.     As an additional theory of recovery, or in the alternative, the aforementioned acts of Defendant constitute infringement of Plaintiff's service mark and unfair competition in violation of the common law of the State of Texas and/or federal common law.  Such activities have allowed Defendant to wrongfully profit and have injured Plaintiff in an amount to be determined at trial.

24.     Moreover, Defendant's activities described above have caused and, unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.  Accordingly, injunctive relief in favor of Plaintiff and against Defendant is appropriate in the form of a temporary restraining order, preliminary injunction, and/or permanent injunction.

### Third Claim for Relief
### Tortious Interference with Prospective Business Relationships

25.     The factual allegations, exhibits, and legal citations set forth in the preceding paragraphs are incorporated herein by reference for all purposes as if set forth in full within this paragraph.

26.     As an additional theory of recovery, or in the alternative, the aforementioned acts of Defendant constitute tortious interference with prospective business relationships as that cause of action is recognized under Texas law.  Specifically, (1) there is a reasonable probability that Plaintiff would enter into dance-related business relationships; (2) Defendant's independently tortious or unlawful act (e.g., service mark infringement) prevented Plaintiff from entering into a dance-related business relationship; (3) Defendant's conduct was intentional and/or Defendant knew that its own conduct was certain or substantially certain to interfere with a prospective business relationship involving Plaintiff; and (4) Plaintiff suffered actual harm or damages as a

result of Defendant's interference.   Such activities have allowed Defendant to wrongfully profit and have injured Plaintiff in an amount to be determined at trial.

27.    Moreover, Defendant's activities described above have caused and, unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.   Accordingly, injunctive relief in favor of Plaintiff and against Defendant is appropriate in the form of a temporary restraining order, preliminary injunction, and/or permanent injunction.

## VIII.

## PRAYER

28.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein and, upon trial of this case, Plaintiff asks that this court enter final judgment against Defendant, including:

(a) express findings of fact, conclusions of law, and/or a final verdict holding that Defendant's activities described within this Complaint are unlawful under federal and Texas law;

(b) injunctive relief (restraining order, preliminary injunction, and/or permanent injunction) against Defendant's use of "Dance Houston" or "Love Dance Houston" in any manner;

(c) actual damages within the jurisdictional limits of this Court;

(d) treble damages as appropriate;

(e) exemplary damages as appropriate;

(f) prejudgment and postjudgment interest on Plaintiffs' recovery at the maximum rate allowed by law;

(g) attorney's fees;

(h) court costs; and

(i) all other and further relief that this Court deems appropriate.

## IX.

## <u>CERTIFICATION</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) states factual contentions that have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

Respectfully submitted
and signed on December 9, 2020 by:

**LAW OFFICE OF MICHAEL O. WHITMIRE**

_____
Michael O. Whitmire
Texas Bar No. 00785240
945 McKinney Street, Suite 335
Houston, Texas 77002
(713) 256-4172  [Telephone]
mwhitmire@gmail.com  [E-Mail]

**ATTORNEY FOR PLAINTIFF,
DANCE HOUSTON**

# EXHIBIT "A"

# United States of America

## United States Patent and Trademark Office

# Dance Houston

**Reg. No. 5,882,880**

**Registered Oct. 15, 2019**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Dance Houston  (TEXAS CORPORATION)
14110 Queensbury Lane, Houston, Tx 7707
2450 Louisiana #400
Houston, TEXAS 77006

CLASS 41: Dance events; Dance instruction; Dance instruction for children; Education services, namely, providing classes and instruction in the field of dance; Entertainment and educational services, namely, the presentation of seminars, workshops and panel discussions, and ongoing television and radio shows all in the field of dance; Entertainment in the nature of dance performances; Entertainment services in the nature of live visual and audio performances, namely, musical band, rock group, gymnastic, dance, and ballet performances; Entertainment services in the nature of live dance performances; Training of dance instructors

FIRST USE 2-15-2003; IN COMMERCE 2-15-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4924620

No claim is made to the exclusive right to use the following apart from the mark as shown: "DANCE"

SEC.2(F)

SER. NO. 88-312,444, FILED 02-22-2019



Director of the United States
Patent and Trademark Office

# EXHIBIT "B"

P.O.Box 13697
Austin, Texas 78711-3697

# Office of the Secretary of State

## CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION OF

### Dance Houston

Registration Number: 801200541

The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Education & Entertainment
Dated: 2/8/2010



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services
Prepared by: Dianne Gattuso          TID: 10273          Document: 286431630004

EXHIBIT "C"



Footer on LoveDanceHTX.com
Visible on Internet as of Dec. 8, 2020

# EXHIBIT "D"









EXHIBIT "E"





Photos from TheKnot.com (above)  and LoveDanceHTX.com (below)
Visible on the Internet as of Dec. 8, 2020

## Up Coming Events



EXHIBIT "F"



# Local studio makes the first dance one to remember

Search the site

December 2, 2020 by Betsy Denson — 1 Comment



Julie Duong and husband, Paul Ernster, took a Wedding Dance 101 class at
Love Dance Houston before their wedding and enjoyed it so much they
continued with classes there.

When Lisa Joubert opened the 3,650-square foot dance venue Love Dance HTX at Sawyer Yards in November 2017,
she was able to offer larger scale dance classes in hip-hop, dance fitness, country western, salsa, ballroom, Latin and
swing. But once COVID-19 changed the landscape, Joubert had to pivot a bit.

Now, she is hosting micro-weddings of 50 people or less, but she spends most of her time teaching those couples how to
dance before the big event.

**Read our**

...or catch up o
issues
missed.

**On**






Partial Screenshot of Article Posted to TheLeaderNews.com
Visible on Internet as of Dec. 8, 2020